# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 04-30579-WRS |
| | Chapter 7 |
| EDWIN RICK WOOD, | |
|     Debtor, | |
| SUSAN S. DE PAOLA, Trustee, | |
|     Plaintiff, | Adv. Pro. No. 04-03039 |
| JIM LANE, | |
|     Defendant. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee for the Bankruptcy Estate, Susan S. DePaola ("Plaintiff"). (Docs. 13, 26). Upon consideration of the pleadings, memorandums of law, and supporting affidavits submitted by the parties, the Court finds that there are no genuine issues of material fact with respect to payments made to the Defendant Jim Lane ("Defendant") in the amount of $38,000.00. However, the Court finds that there are genuine issues of material fact with respect to two payments totaling $12,000.00 allegedly made by parties other than the Debtor. For the following reasons, summary judgment is partially GRANTED with respect to claims against the Defendant in the amount of $38,000.00 and partially DENIED with respect to the remainder of the payments made to the Defendant within the preference period. (Docs. 13, 14, 25, 26).

## I. Facts

On or about January 14, 2004, James L. Lane ("Defendant") loaned $50,000.00 jointly to Edwin Rick Wood ("Debtor") and Jim Corley pursuant to a document entitled the "Multipurpose Note and Security Agreement." (Doc. 25, Defendant's Exhibit A). According to the terms of the agreement, the loan was made for business cash flow purposes. This loan was to be a short term transaction and was to be repaid on January 21, 2004, exactly one week after the making of the loan. (Doc. 25, Defendant's Exhibit A). According to the agreement, a repayment of $80,000.00 was supposed to be made due to a fixed interest rate of 3,085.71% per year. (Doc. 25, Defendant's Exhibit A). Throughout the months of January and February, the Debtor, as well as third-parties, made transfers to the Defendant.[1] The transfers in question occurred as follows:

1) January 26, 2004, a transfer of $10,000.00 was made to the Defendant;

2) January 27, 2004, a transfer of $20,000.00 was made to the Defendant;

3) February 4, 2004, a transfer of $8,000.00 was made to the Defendant;

4) February 11, 2004, a transfer of $7,400.00 was made to the Defendant;

5) February 13, 2004, a transfer of $4,600.00 was made to the Defendant.

(Doc. 13, Plaintiff's Exhibit 4). The Defendant, in his brief, argues that issues of material facts exist as to the source of the $50,000.00 in payments made to him. (Doc. 25, Howe Aff. ¶ 2). The Defendant also argues that the facts of this case show that the transaction between the Debtor and the Defendant constituted a contemporaneous exchange, thereby precluding the avoidance of these transfers as preferences and an entry of summary judgment in favor of the Trustee. (Doc. 25). The Plaintiff, in briefs submitted to the

---

[1] As the Debtor filed bankruptcy in this Court on February 27, 2004, each one of the transfers occurred within the ninety (90) day preference period as required by 11 U.S.C. § 547(b).

Court, asserts that there are no genuine issues of material fact with respect to $38,000.00 of the $50,000.00 paid by the Debtor to the Defendant. (Docs. 13, 26). Moreover, the Plaintiff argues that there is no evidence of a contemporaneous exchange for new value. (Docs. 13, 26). For the reasons set forth below, the Court finds that the Trustee is entitled to partial summary judgment with respect to transfers made to the Defendant in the amount of $38,000.00.

## II. Conclusions of Law

### A. Introduction

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment,

"the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

### B.  Discussion

Section 547(b) of the Bankruptcy Code grants the trustee of a bankrupt estate the power to avoid certain transfers made by the Debtor prior to the filing of bankruptcy. The main purpose of this section is to prevent the undermining of the evenhanded treatment of creditors.  Section 547(b) provides that the trustee may avoid any transfer of an interest of the debtor in property –

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent ;
(4) made-
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if-
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).  Section 547(c)(1)-(8) identifies various situations whereby a trustee is precluded from avoiding a transfer even though the elements of § 547(b) have been satisfied.

In this case, the Court finds that there were transfers of an interest of the Debtor in property, specifically transfers totaling $38,000.00.  (Doc. 13, Plaintiff's Exhibit 4).

Further on this point, Jon Howe, the vice president of finance for various interests owned by the Defendant, asserted in his affidavit[2] that two payments totaling $12,000.00 came from parties other than the Debtor. (Doc. 25, Howe Aff. ¶ 2). The evidence indicates that $38,000.00 was paid by the Debtor and went to the benefit of the Defendant pursuant to the written agreement between the parties. These payments were made on account of an antecedent debt in the form of a $50,000.00 loan executed on January 14, 2004. The Defendant has not presented any evidence to the Court that would rebut the presumption of insolvency that § 547(f) provides and as noted above all of the payments in question occurred within the requisite ninety (90) day period immediately preceding the filing of the petition. As there will not be an estate created that will satisfy all claims, the Defendant has received more than he would have received if the case were a chapter 7, the transfer had not been made, and the Defendant received payments as provided by the Bankruptcy Code. Thus, with respect to the $38,000.00 in payments made to the Defendant by the Debtor within the preference period, the Trustee has made out a prima facie case for avoidance of these transfers.

None of the exceptions listed under § 547(c) are applicable in this case. The Defendant has raised the exception provided by § 547(c)(1), alleging that the transactions in question constituted a substantially contemporaneous exchange for new value and was intended to be so. However, the facts of this case preclude such a finding. First, the transfers here were not contemporaneous as there was a one-week delay between the making of the loan and the commencement of payments. Apparently, this transaction was not intended to be contemporaneous, as the written agreement stipulated that there be

---

[2] By stipulation, answers and responses provided by Jon Howe, are to be used as if the answers were provided by the Defendant. (Doc. 13, Howe Dep. ¶ 5)

such a delay. Moreover, there is no evidence of any new value being extended to the Debtor at the time he made the payments to the Defendant. Thus, the Court finds that this defense lacks merit. Furthermore, because none of the other defenses[3] listed in § 547(c) are applicable, the Plaintiff is entitled to partial summary judgment with respect to the claims against the Defendant in the amount of $38,000.00.

However, a different conclusion must be reached with respect to the remaining two payments made by parties other than the Debtor. According to the affidavit of Jon Howe, one payment in the amount of $7,400.00 was deposited by the Defendant with the notation that the source of the payment was "Lucille Wood." (Doc. 25, Howe Aff. ¶ 2). A second payment was deposited by the Defendant with the notation "Feteoso" on it. (Doc. 25, Howe Aff. ¶ 2). Because the source of these payments is in question, it cannot be said that these monies originated from the debtor. Accordingly, there is a genuine issue of material fact with respect to these two payments, necessitating the need for a trial on this matter. For the stated reasons, summary judgment is denied with respect to the two payments in the amounts of $7,400.00 and $4,600.00 allegedly made by parties other than the Debtor.

Done this 20th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Susan S. DePaola, Trustee
Michael F. Braun, Attorney for Defendant

---

[3] Section 547(c)(2) is not applicable in this case because a fixed interest rate of 3,085.71% per year cannot be considered consistent with ordinary business terms under any type of analysis. (Doc. 25, Defendant's Exhibit A).

Teresa Jacobs, Bankruptcy Administrator
Debtor