UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                          Case No. 04-30579 - WRS
                                                                Chapter 7
EDWIN RICK WOOD,

    Debtor,

SUSAN S. DEPAOLA, TRUSTEE

    Plaintiff,                                    Adv.Pro.No. 04-3039 - WRS

v.

JIM LANE,

    Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee for the Wood Bankruptcy Estate, Susan S. DePaola ("Trustee"). (Doc. 44). This is the second motion for summary judgment filed by the Trustee in this matter. The Trustee initially sought to recover a total of $50,000.00 in preference payments from Edwin Rick Wood ("Debtor") to Jim Lane ("Defendant"). (Docs. 1, 13). The Court partially granted the first motion for summary judgment with respect to payments totaling $38,000.00, finding no genuine issues of material fact regarding those payments. (Doc. 27). The Trustee has now moved for summary judgment as to the recovery of $7,400.00[1] as a preferential payment made by the Debtor to the Defendant. The Defendant has filed an opposition brief to the Trustee's renewed motion for summary judgment. (Doc. 45). Finding no genuine issues of material fact as

---

[1] The Trustee has agreed to dismissal of the preferential payment in the amount of $4,600.00, made on February 13, 2004. (Doc. 44).

to this payment, for the reasons set forth below, summary judgment is hereby GRANTED in favor of the Trustee in the amount of $7,400.00.

## I. JURISDICTION

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## II. FACTS

The facts of this case will be recited as set forth in the Court's Memorandum Decision dated January 21, 2005. (Doc. 27). The genesis of this dispute involves a loan in the amount of $50,000.00, made on or about January 14, 2004, from Jim Lane to co-debtors Edwin Rick Wood and Jim Corley pursuant to a "Multipurpose Note and Security Agreement." (Doc. 44, Ex. A). This loan was meant to be a short term transaction, payable one week after its making at a fixed interest rate of 3,085.71% per year. (Doc. 44, Ex. A). In repayment of this loan, a series of payments[2] were made during the time

---

[2] The transfers in question occurred as follows:

1) January 26, 2004, a transfer to $10,000.00;

1) January 27, 2004, a transfer of $20,000.00;

2) February 4, 2004, a transfer of $8,000.00;

3) February 11, 2004, a transfer of $7,400.00;

4) February 13, 2004, a transfer of $4,600.00.

period of January and February 2004.[3] The sole payment that commands the Court's attention at the present time is the payment to the Defendant in the amount of $7,400.00. The Defendant argues that there is a genuine issue of fact regarding the source of this payment, as he asserts that the Debtor was not the source of the payment. The Defendant points out that the payment to the Defendant in the amount of $7,400.00 was deposited with the notation "Lucille Wood," the Debtor's mother. The Defendant asserts that this fact brings into doubt the source of payment. Alternatively, the Defendant argues that the "earmarking doctrine" applies, thereby precluding a finding that a preference occurred. It must now be determined whether there is a genuine issue of fact as to whether the payment received by the Defendant in the amount of $7,400.00 constitutes an avoidable preferential transfer.

### III.  CONCLUSIONS OF LAW

The Defendant argues that there are disputed factual issues regarding whether the $7,400.00 payment constituted a transfer of an interest of the Debtor.[4] The Court

---

[3] The Debtor, Edwin Rick Wood, filed a petition seeking relief under Chapter 7 of the United States Bankruptcy Code in this Court on February 27, 2005. (Case No. 04-30579, Doc. 1).

[4] Section 547(b) provides that the Trustee may avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such
       transfer was made;
    (3) made while the debtor was insolvent;
    (4) made-
       (A) on or within 90 days before the date of the filing of the
          petition; or
       (B) between ninety days and one year before the date of the filing
         of the petition, if such creditor at the time of such transfer was
         an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if-

disagrees that genuine issues of fact exist. Summary judgment was previously denied by this Court as to this payment because it was unclear whether the source of the payment was from the Debtor in light of the fact that it was deposited by the Defendant with the notation of "Lucille Wood," who is the mother of the Debtor. (Doc. 27). However, it is now apparent that the deposit slip with reference to Lucille Wood referred to a check made payable by Lucille Wood to Edwin Rick Wood, which was thereafter endorsed and delivered to Defendant Jim Lane in payment of Wood's debt. (Doc. 44). Considering this fact, the Court does not view the application of § 547(b) inappropriate on the basis that there is a question as to the source of the funds.

The Defendant also argues that the "earmarking doctrine" applies in this case, and because of the application of that doctrine the payment is not avoidable as a preferential transfer. The application of the earmarking doctrine is a fact based determination. Tolz v. Barnett Bank (In re: Safe-T-Brake of South Florida, Inc.), 162 B.R. 359, 363 (Bankr. S.D. Fla. 1993). The earmarking doctrine is applicable in the following situation:

> In cases where a third person makes a loan to a debtor specifically to enable him to satisfy the claim of a designated creditor, the proceeds never become part of the debtor's assets, and therefore no preference is created. The rule is the same regardless of whether the proceeds of the loan are transferred directly by the lender to the creditor or are paid to the debtor with the understanding that they will be paid to the creditor in satisfaction of his claim, so long as such proceeds are clearly 'earmarked.'" (citation omitted).

---

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Official Bondholder's Committee v. Eastern Utilities Assoc., 147 B.R. 634, 642 (Bankr. D.N.H. 1992). Courts have derived various tests to determine whether certain funds have been earmarked. Some cases focus on the understanding and intentions of the new creditor and the debtor regarding the satisfaction of the old claim, while others focus on the degree of control exhibited by the Debtor over the funds in question. See Manchester v. First Bank (In re: Moses), 256 B.R. 641, 649-650 (B.A.P. 10th Cir. 2000). Yet a third line of cases concentrate on whether the estate was diminished by the transfer. Cf. Glinka v. Bank of Vt. (In re: Kelton Motors, Inc.), 153 B.R. 417, 428 (Bankr. D. Vt. 1993)(holding that "[t]o meet the strict requirements of earmarking, the old creditor must show that the new creditor made funds available to a debtor for the sole purpose of paying the old creditor and that the debtor could not have put the funds to any other use).

The facts of the present case do not lend themselves to the application of the earmarking doctrine irrespective of the type of test used. Lucille Wood has stated in her Deposition that on February 11, 2004 she loaned her son $7,400.00[5] in the form of a check. (Doc. 44, Ex. B) That check, made payable to Mr. Wood, was thereafter endorsed by him and delivered to the Defendant in payment of his debt. According to Lucille Wood, the Debtor did not tell her what he was going to do with the money. (Doc. 44, Ex. B). Rather, the Debtor requested to borrow $7,400.00 from his mother without notifying her as to a specific purpose for the money. (Doc. 44, Ex. B). This acknowledgement precludes a finding that there was any agreement, understanding, or mutual intention that these funds were to be earmarked. Other facts pointed out by the Trustee preclude a finding that the earmarking doctrine applies here. The check was

---

[5] Lucille Wood has filed a proof of claim in the amount of $7,400.00 in the Debtor's bankruptcy case. (Case No. 04-30579, Claim No. 18).

5

made out to the Debtor and was endorsed by him. Furthermore, there is no evidence that the Debtor was restricted in any way from using the funds at his discretion. Presumably, the Debtor could have used the funds to pay any creditor or no creditors at all. Lastly, it is noteworthy to mention that various courts have questioned the wisdom of applying the earmarking doctrine in situations, such as this case, where there is no co-debtor or guarantor, because such application favors the old creditor, who incidentally had nothing to do with the earmarking. See In re: Moses, 256 B.R. 641, 647, (and cases cited therein) (noting that the extension of this doctrine to such cases has been subject to attack). However, as discussed above, testing the facts of this case against the necessary requirements of the earmarking doctrine weighs heavily against its application. Upon review of the check made payable to the Debtor and the deposition of Lucille Wood, it has been clearly shown by the Trustee that the earmarking doctrine is inapplicable and that the transfer sought to be avoided is a "transfer of an interest of the debtor in property." See 11 U.S.C. § 547(b).

### IV. CONCLUSION

For the reasons expressed above, the Court finds it appropriate to grant summary judgment in favor of the Plaintiff in the amount of $7,400.00, plus $38,000.00 as provided in this Court's Memorandum Decision dated January 20, 2005, for a total of $45,000.00. Judgment will be entered by way of a separate document.

Done this 21st day of October, 2005.

/s/ William R. Sawyer
United States Bankruptcy Court

c: Susan S. DePaola, Plaintiff and Trustee
   Michael F. Braun, Attorney for Defendant
   Debtor